# Zoë Dolan

www.zoedolan.com  
zdolan@gmail.com

Attorney At Law  
Admitted NY & CA  
(347) 301-5180

154 Grand Street  
New York, NY 10013

July 6, 2017

Honorable Brian M. Cogan  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 110201

Re:    *United States v. Martinez*  
        17-cr-281-BMC

Dear Judge Cogan:

      The defendant, Carlos Martinez, was previously ordered detained pending trial by the Honorable Marilyn D. Go at arraignment in the above-referenced case. *See* Docket Entry No. 7; transcript attached as Exhibit A. Mr. Martinez appeals that order and seeks pretrial release because – even if the government were to rebut the presumption in favor of bail – there is every reason to believe that he will deal responsibly with the charges and abide by any condition(s) of release that the Court may impose.

*Background*

      Mr. Martinez is a 47-year-old former United States Marine who served two combat tours abroad. He was employed as a Lieutenant for 23.5 years by the Bureau of Prisons ("BOP") at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. During the period of his employment, he served as a first responder in New York on September 11, 2001, and, earlier that year, he received recognition for retrieving the driver of a truck that had plunged over the edge of the Brooklyn-Queens Expressway near the MDC. *See* Department of Justice, Federal Bureau of Prisons Monday Morning Highlights, dated February 12, 2001, attached as Exhibit B.

This case arises out of a 20-count indictment (the "Indictment") that charges Mr. Martinez with violating four statutes[1] on five alleged incidents involving sexual contact between him and a female inmate at the MDC between December 2015 and April 2016. Mr. Martinez was not arrested and detained until May 25, 2017, and there have been no allegations of any unlawful conduct in the interim. With one exception discussed below, Mr. Martinez has never been arrested or convicted of any other crime.

*Proposed Bail Package*

This bail application proposes a $250,000 bond signed by up to seven individuals with a personal connection to Mr. Martinez:

Iris Soto
Security Officer
Mr. Martinez's wife

Richard Mendez
United States Postal Carrier
Mr. Martinez's friend

William Soto
New York City Sanitation Worker
Mr. Martinez's friend

Zulma Martinez
Administrative Assistant
Mr. Martinez's aunt

Venus Soto Mecias
Dental Assistant
Mr. Martinez's friend

Jessica Molina
Medical Assistant/Receptionist
Mr. Martinez's sister

Daniel Mecias
Store Owner
Mr. Martinez's friend

Each proposed surety is employed and earns at least $37,000 per year. Mr. Martinez and his wife have been married for 20 years. His other family members have known him for life, and his friends have all known him for at least ten years.

---

[1] 18 U.S.C. § 242 (Deprivation of Civil Rights); 18 U.S.C. § 2241(a)(1) (Aggravated Sexual Abuse); 18 U.S.C. § 2242(1) (Sexual Abuse); and 18 U.S.C. § 2243(b) (Sexual Abuse of a Ward).

*Applicable Law and Discussion*

The presumption here is for bail. *See* 18 U.S.C. § 3142(a) and (c). In making that determination, Congress specifically excluded the type of violations alleged in the Indictment. *See* 18 U.S.C. § 3142(e)(3). Only two of the charged statutes, 18 U.S.C. §§ 2241 and 2242, have the potential to trigger an exception in favor of the government – but this case does not involve a minor, and so the law presumes that bail conditions sufficient to ensure pretrial compliance and safety of the community are available. *See* 18 U.S.C. § 3142(e) and (a). Thus, the inquiry focuses on: (1) the nature and circumstance of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. 18 U.S.C. § 3142(b), (c) and (g).

*Crimes charged.* The crimes charged are serious indeed. As a mitigating consideration, however, the circumstances under which the alleged conduct took place establish that denying this application based on future danger would be unjustified. On bail, Mr. Martinez will be removed from the MDC environment and will not be actively working for the BOP. There is no evidence – and certainly no clear and convincing evidence as would be required by 18 U.S.C. § 3142(f)(2)(B) – that this measure would be insufficient to ensure safety.

*Mr. Martinez as a human being.* Mr. Martinez is a lifelong resident of New York City – other during than the four years of military service in which he was stationed at various locations in the United States and overseas – and his wife and personal life are rooted here. Flight – which does not appear to be an issue – would only ruin his life further than it has been damaged already.

The defense submits that a key to Mr. Martinez character lies in the assurances provided by our proposed sureties' willingness to vouch for him, and in the attestations of the eleven women who have written letters to the Court, attached collectively as Exhibit C. The message that those who know Mr. Martinez convey is that noncompliance with any condition(s) of release imposed by the Court – including a prohibition against the commission of any future crime – would seem unimaginable. By all appearances, Mr. Martinez led a model existence for the vast majority of his life. Confidence that he will also do so during the pendency of this case would therefore be warranted.

In a Memorandum of Law in Support of Pretrial Detention ("Memo"), *see* Docket Entry No. 9, the government has argued that an August 2016 arrest for assault in the third degree in violation of New York Penal Law ("NYPL") § 120.00(1), and criminal mischief with intent to damage property in violation of NYPL 145.00(1), demonstrate a potential for future dangerousness. Memo at 9-10. As the affidavit attached as Exhibit D establishes, however, the facts of this incident provide mitigating circumstances on closer inspection.

The ultimate disposition of the case – a plea to a disorderly conduct violation under NYPL § 240.20 – is consistent.

*Perceived danger.* This consideration has been discussed above. Nevertheless, the defense would not oppose the least restrictive bail conditions in accordance with 18 U.S.C. § 3142(c)(1)(B) to the extent that any concern remains.

*Evidence.* Even if a presumption of innocence did not ballast the analysis here, there is, to reiterate, every reason to believe that Mr. Martinez will deal responsibly with the charges and abide by any condition(s) of release.

*Conclusion*

Bail should be granted for the foregoing reasons. The Court's consideration of this submission is appreciated.

Sincerely,

s/
Zoë Dolan

Cc:   AUSAs Nicole Argentieri, Nadia Shihata and Marisa Seifan