# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————————

№ 17-CR-00281 (RER)

————————————————

UNITED STATES OF AMERICA

VERSUS

CARLOS MARTINEZ

————————————————

**MEMORANDUM & ORDER**

————————————————

**RAMÓN E. REYES, JR., District Judge:**

Carlos Martinez ("Defendant" or "Martinez") brings this *pro se* motion for relief pursuant to 28 U.S.C. § 2255 (the "Motion").[1] (ECF No. 171 ("Def.'s Mot.")). On March 3, 2025, Martinez filed a supplemental motion (the "Supplemental Motion"). (ECF No. 177 ("Def.'s Suppl. Mot.")). The Government opposes. (ECF Nos. 174 ("First Gov't Opp."), 182 ("Second Gov't Opp.")). On March 24, 2026, Martinez moved for appointment of counsel. (ECF No. 183 ("Def.'s Counsel Mot.") at 4–5). On April 6, 2026, this Court denied Martinez's motion for appointment of counsel. (ECF No. 185). The Court's reasoning for the denial of appointment of counsel is set forth below. After carefully reviewing the record, and for the reasons set forth herein, the Motion and Supplemental Motion are DENIED.

---

[1] Although this is a civil action, Defendant's Motion was docketed as a continuation of his criminal docket.

## **BACKGROUND**[2]

I.    Procedural History

Martinez was indicted in 2017 for raping an incarcerated woman, "Maria,"[3] while he was a Bureau of Prisons lieutenant at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 1). Following Martinez's first trial, on January 17, 2018, a jury found him guilty of five counts of sexual abuse of a ward, in violation of 18 U.S.C. § 2243(b), and of other counts that were later vacated and retried. (ECF No. 85). In November 2018, Martinez moved for a new trial, arguing that the Government had failed to disclose an interview with witness "Yolanda"[4] (the "Interview Report"), in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 83). In June 2019, the Court granted Martinez's motion for a new trial on all counts except the five counts for sexual abuse of a ward. (ECF No. 86).

Following Martinez's second trial, on February 20, 2020, a jury found him guilty of five counts of sexual abuse, in violation of 18 U.S.C. §§ 2242(1) and 3551; one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 2241(a)(1) and 3551; and one count of deprivation of civil rights, in violation of 18 U.S.C. §§ 242 and 3551. (ECF No. 109). The Court sentenced Martinez to ten years' imprisonment, five years' supervised release,

---

[2] This brief factual and procedural background is provided to aid the reader in understanding the issues in this Motion and Supplemental Motion. A more fulsome factual and procedural background can be found in the decision of the United States Court of Appeals for the Second Circuit on Martinez's appeal from his second trial (*United States v. Martinez*, 110 F.4th 160 (2d Cir. 2024)) and a thorough review of the docket in the underlying criminal matter.

[3] The victim's pseudonym has been "Maria" throughout the proceedings.

[4] The witness' pseudonym has been "Yolanda" throughout the proceedings.

and a $1,200 special assessment. (ECF No. 142 ("J.") at 3–4, 7). The Government and Martinez cross-appealed. (ECF Nos. 144, 147). The Court of Appeals for the Second Circuit affirmed the judgment of conviction but remanded for resentencing. *United States v. Martinez*, 110 F.4th 160, 179–80 (2d Cir. 2024). On remand, the case was reassigned to the undersigned, and this Court sentenced Martinez to concurrent sentences of twenty years' imprisonment on each count; five years' supervised release; and $1,200 in special assessments. (ECF No. 166 ("Am. J.") at 3–4, 7). Martinez, through counsel, filed a notice of appeal, which he subsequently voluntarily withdrew. (ECF Nos. 168, 170).

## II.     Motion

Martinez timely[5] brings this *pro se* motion pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction. (*See generally* Def.'s Mot.; Def's Suppl. Mot.). Defendant advances three arguments in support of his Motion and Supplemental Motion. First, defense counsel failed to challenge the application of a six-point enhancement to the offense level calculation for 18 U.S.C. § 242 under U.S.S.G. § 2H1.1(b). (Def.'s Mot. at 6–9). Second, defense counsel failed to seek a reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility. (Def.'s Mot. at 12). Third, defense counsel failed to adequately use the information in the Interview Report during Martinez's second trial. (Def.'s Suppl. Mot. at 19). Namely, defense counsel failed to expose Yolanda's perjury by not impeaching her during cross-examination. (Def.'s Suppl. Mot. at 9, 15, 37). Martinez

---

[5] A person serving a sentence in federal prison may bring ineffective assistance of counsel claims pursuant to 28 U.S.C. § 2255 without first raising the arguments on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This Court entered the amended judgment on January 13, 2025, (*see* Am. J.), and Martinez filed his Motion on December 22, 2025, (*see* Def.'s Mot.), making it timely. *See* 28 U.S.C. § 2255(f).

further argues, in conjunction with the information in the Interview Report, that defense counsel was ineffective in failing to "properly examine or cross-examine" Special Agent Laura Riley. (Def.'s Suppl. Mot. at 22).

## **LEGAL STANDARD**

I.    Ineffective Assistance of Counsel

Under 28 U.S.C § 2255, a court may "vacate, set aside or correct" a conviction or sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "Relief generally is available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Shand v. United States*, No. 14-CV-1743 (DLI), 2018 WL 1598608, at *3 (E.D.N.Y. Mar. 30, 2018) (quotation marks omitted). The court must read *pro se* pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

"A section 2255 claim of ineffective assistance of counsel must meet the two requirements established in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Soto v. United States*, No. 19 Civ. 11038 (KMW), 2022 WL 610978, at *2 (S.D.N.Y. Mar. 2, 2022). "To succeed on an ineffective assistance claim, a defendant must demonstrate, first, that 'in light of all the circumstances,' the acts or omissions of trial counsel 'were outside the wide range of professionally competent assistance,' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 694). "An inability to satisfy either prong causes a claim of ineffective assistance to fail." *Soto,* 2022 WL 610978, at *2.

4

II.    Appointment of Counsel

"There is no freestanding right to appointment of counsel in connection with a § 2255 Petition." *United States v. Lopez-Cabrera*, No. 11 Crim. 1032-14 (PAE), 2023 WL 2612582, at *3 (S.D.N.Y. Mar. 23, 2023). "Rather, courts have the discretion to appoint counsel to represent a habeas petitioner '[w]henever . . . the interests of justice so require.'" *Shand*, 2018 WL 1598608, at *4 (quoting 18 U.S.C. § 3006A(a)(2)). "Moreover, when a petitioner's claims 'may be fairly determined on written submissions, appointment of counsel normally is not warranted.'" *Id.* (quoting *Lawson v. Taylor*, No. 10-CV-0477 (JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011)).

"In deciding whether to appoint counsel for a habeas corpus petitioner, courts use the standard set forth by the Second Circuit for determining whether to appoint counsel to indigent civil litigants under 28 U.S.C. § 1915." *Id.* "Accordingly, courts must first determine 'whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). "If the Court finds that the applicant's claim is of substance, it should next consider the following factors: 'the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Guzman v. LaManna*, No. 17-CV-05424 (JMA), 2017 WL 11379832, at *2 (E.D.N.Y. Sept. 29, 2017) (quoting *Hodge*, 802 F.2d at 61).

5

**DISCUSSION**

I.     Martinez Received Effective Assistance of Counsel

First, Martinez argues that defense counsel was ineffective in failing to challenge the application of a six-point enhancement to the offense level calculation for 18 U.S.C. § 242 under U.S.S.G. § 2H1.1(b). (Def.'s Mot. at 6–9). He contends that his attorney should have challenged the enhancement as "double counting" because section 242 includes that his conduct was only possible because of his authority "under color of law"— as a lieutenant—and the enhancement under section 2H1.1 was because he acted "under color of law." (*Id.*) The Government argues that the Court properly applied U.S.S.G. § 2H1.1(b) and, therefore, Martinez's counsel was not ineffective for failing to challenge its application. (First Gov't Opp. at 9–10). In reply, Martinez argues, for the first time, that his base level offense was incorrect. (ECF No. 186 ("Def.'s Reply") at 20). The Government is correct. At Martinez's sentencing hearing, this Court adopted the base offense level calculation in the Probation Department's presentence report ("PSR") for Martinez's conviction of one count in violation of 18 U.S.C. § 242. (ECF Nos. 141 ("PSR") ¶ 42, 169 ("Sent. Tr.") at 4:9–5:2). Because the underlying offense was sexual abuse, Probation stated that the applicable guideline was U.S.S.G. § 2A3.1, which provides a base level offense of 36. (PSR ¶ 42). Probation added a six-point enhancement "[a]s the instant offense was committed under color of law," citing U.S.S.G. § 2H1.1(b)(1)(B). (PSR ¶ 43). Therefore, the six-point enhancement did not constitute "double counting" because section 2A3.1 does not contemplate whether the defendant's action were committed "under color of law." *See* 18 U.S.C. § 243.1; *see also United States v. Sabhnani*, 599 F.3d 215, 251 (2d Cir. 2010) (quoting *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir. 2000))

6

("Impermissible double counting occurs [under the Sentencing Guidelines] when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines."). That did not occur here. Accordingly, Martinez's counsel was not ineffective in failing to challenge the base offense level or the six-point enhancement.

Second, Martinez argues that defense counsel failed to seek a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility and further contends that the lack of reduction violates the Sixth Amendment right to proceed to trial. (Def.'s Mot. at 12). The Government argues that Martinez was not entitled to credit for acceptance of responsibility and his counsel did not act unreasonably in failing to advocate for such a reduction. (First Gov't Opp. at 11). The Court agrees. Section 3E1.1 instructs that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(1). Martinez proceeded to trial twice, cross-appealed to the Circuit, and, at his resentencing before this Court, stated that he "never forced or threatened [his] accuser." (Sent. Tr. at 23:25). To this day, Martinez has never accepted responsibility for his actions. Therefore, defense counsel was not incompetent in failing to seek a reduction for acceptance of responsibility.

Third, Martinez argues that defense counsel failed to adequately use the information in the Interview Report during Martinez's second trial. (Def.'s Suppl. Mot. at 19). Martinez argues that defense counsel failed to expose Yolanda's perjury by not impeaching her during cross-examination, and that defense counsel failed to "properly examine or cross-examine" Special Agent Laura Riley. (*Id.* at 9, 15, 22, 37). The Government contends that Martinez's arguments are "factually baseless" because, at the

7

second trial, defense counsel admitted a stipulation including all the relevant content of the Interview Report for the jury's consideration. (Second Gov't Opp. at 4–6). The Court agrees. At Martinez's second trial, his counsel submitted a stipulation into evidence detailing the answers that Yolanda provided during her interview with Special Agent Laura Riley about the nature of Maria's relationship with Defendant. (ECF No. 115-1 ("Trial Tr.") at 809:11–811:10). The stipulation was read into the record in the presence of the jury and was available to the jury during their deliberations. (*Id.*) Therefore, the information that Martinez takes issue with was in fact presented by his counsel at his second trial. Additionally, it is well settled that a trial attorney's decision whether to call a witness and how to engage in cross-examination is not "a persuasive predicate for an ineffective assistance of counsel argument," as these decisions are questions of trial strategy. *Arce v. United States*, No. 16 Crim. 643 (NRB), 2021 WL 5502074, at *2 (S.D.N.Y. Nov. 23, 2021); *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987).[6] Therefore, Martinez has failed to carry his burden of demonstrating that defense counsel's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 694.

Martinez has not satisfied the first prong of *Strickland* in any of his arguments claiming ineffective assistance of counsel. Accordingly, his motion for relief under section 2255 is denied. *See Soto*, 2022 WL 610978, at *2.

---

[6] In his Reply, Martinez raises, for the first time that defense counsel failed to properly cross-examine or impeach "the alleged victim"—presumably a reference to Maria. (Reply at 4–5). This argument fails because it is raised for the first time in reply, *Graham*, 89 F.3d at 82, and, again, these decisions are questions of trial strategy.

## II.  Appointment of Counsel Is Not Warranted

The appointment of counsel is not warranted in this case since, among other things, Martinez's claims are not "of substance." *Hodge*, 802 F.2d at 61. Defense counsel was not ineffective at trial or at sentencing. Furthermore, Martinez has no need for counsel to conduct investigation or evidentiary hearings, he has adequately and competently set forth his claims in his motion and supplement, and there is no special reason to appoint counsel.

## **CONCLUSION**

For the reasons set forth above, the Motion and Supplemental Motion are denied. Since Defendant has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Martinez.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 22, 2026
          Brooklyn, New York